# Exhibit C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

| | | |
|---|---|---|
| MICHAEL R. SIEGEL, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 2016CH13781 |
| vs. | ) ) | CALENDAR/ROOM 08 TIME 00:00 |
| INOME INC. d/b/a INTELIUS, INC., on behalf of itself and all other entities similarly situated, | ) ) ) | Class Action |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Michael R. Siegel, on behalf of himself and all others similarly situated, by and through his attorneys, LARRY D. DRURY, LTD, and for his Class Action Complaint against Defendant, Inome Inc., d/b/a Intelius, Inc. ("Intelius") and a Defendant class of all entities similarly situated, states as follows:

### INTRODUCTION

1. Plaintiff, on behalf of himself and all others similarly situated, brings suit against Intelius for misappropriation of his identity and for violations of the Illinois Right of Publicity Act, 765 ILCS 1075, *et seq*. Intelius is a "leading provider of public data about people and their connections to others."[1]

2. Members of the public increasingly use search engines such as Google, Bing and Yahoo as their first stop to search for information concerning other individuals and businesses. Google is often the first place searched when investigating information about friends, associates, neighbors and businesses.

---

[1] *See* https://www.intelius.com

3. A simple Google search for an individual's name will oftentimes result in advertisements for companies such as Intelius, who offer further information on that specific individual. The information can include the individual's location (*i.e.* city and state), age, address, address history, date of birth, phone number, income, relatives, and more. A link to Intelius' website is often one of the first Google search results for any particular individual. Intelius advertises its website and its products by holding out the searched individual's name with an embedded hyperlink to its own website. Once clicked, any member of the general public can navigate Intelius' website and immediately search any other person's name to retrieve a litany of personal information concerning that individual.

4. Intelius utilizes personal information and further sells that information to the general public within certain "reports." Not only does Intelius sell personal reports to customers, it also uses the names and likenesses of Illinois residents with selected unknown third party service providers for marketing purposes related to Intelius' products and services.[2] Individuals were not consulted regarding the contents of the report and have not given Intelius consent to use their personal information.

## PARTIES

5. Plaintiff Michael R. Siegel is a resident of Lake County, Illinois.

6. Intelius is headquartered in Bellevue, Washington and is a corporation organized under the laws of the state of Delaware.

---

[2] *See* https://www.intelius.com/privacy

2

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Intelius because it is a corporation doing business within the State of Illinois. Intelius markets, sells, and collects money from Illinois residents for its personal reports and separate advertising agreements. Intelius uses the names and likenesses of Illinois residents to sell personal reports containing personal information to other Illinois residents who pay Intelius for said reports. Intelius also uses the names and likenesses of Illinois residents with selected unknown third party service providers for marketing purposes related to Intelius' products and services. Intelius' availment to Illinois contacts is such that it would not be unfair or unexpected to subject Defendant to suit within this Court pursuant to 735 ILCS 5/2- 209(a)(1), (a)(2) and (b)(4).

8. Venue is proper pursuant to 735 ILCS 5/2-101, because Intelius is a non-resident of Illinois doing business in Illinois and may be commenced in Cook County, Illinois.

## FACTUAL ALLEGATIONS

9. Intelius is in the business of providing an online directory containing large amounts of personal information of individuals in the United States. It obtains this personal information from governmental and business entities[3] without any direct input, solicitation or involvement by the individual concerned.

10. A simple Google search for an individual's name results in advertisements for companies such as Intelius. Intelius holds out that individual's name in connection with its services and entices inquiring customers with further information

---

[3] http://corp.intelius.com/

3

on that specific individual. This information may include the individual's location, age, address, address history, date of birth, phone number, income, relatives, criminal record, history of bankruptcies, judgments, lawsuits, status as a sex offender and more. Intelius is often one of the first Google search results relevant to a search for a particular individual. Intelius advertises itself by holding out the searched individual's name in an embedded hyperlink to its website.

11. A Google search using the parameters "Michael R. Siegel Illinois information" prompts a list that includes "Michael R. Siegel in Lake Forest, Illinois | Intelius." A screenshot showing Google's search result is attached below.



12. Once the link is clicked, Intelius' website provides a listing of each "Michael Siegel" in Illinois. Each "Michael Siegel" entry provides the approximate age, location, and possible known relatives. Plaintiff was identified by his approximate age, his known relatives and the city closest to his home.

4

13. Thereafter, when Plaintiff's profile was selected, the Intelius website provided: 1) a map containing a marker near Plaintiff's residence; 2) partially redacted phone numbers and email addresses; 3) known social networks; and 4) alias information. A partial screenshot of the Intelius website is below.



5

14. Thereafter, Intelius offers a variety of background checks ("People Search Reports") on Plaintiff, an address report, a phone report, an email report and a social network report. The People Search Report advertised information for sale, including Plaintiffs' full name, his age and the names and respective ages of his known relatives. Besides name, address, phone, email and social network information, the People Search Report offered other information, including Plaintiff's address history, date of birth, known relatives, criminal background, record of bankruptcy proceedings, liens, court judgments, aliases, lawsuits, marriages, divorces, status as a sex offender and other identity information (collectively "Identity Information") that allows any customer to "instantly find the individual they are looking for." A screenshot of the People Search Report webpage is below.



6

15. Before a customer can go further, he or she is prompted to register with Intelius and pay a transactional or a subscription based fee. All Plaintiff's information listed above was offered for a per-transaction or subscription based fee.

16. From a search of Plaintiff's name, it is immediately evident that Intelius used Plaintiff's name, likeness and Identity Information in an effort to sell certain reports containing personal information about Plaintiff as well as many other individuals. These reports are offered to any paying customer without the knowledge or consent of Plaintiff or any other individual that is the subject of the report.

17. Further, the commercially used information that Intelius "captures" may be used by Intelius by "selected third party service providers for marketing purposes" related to Intelius' products and services. *See* https://www.intelius.com/privacy.

18. Thus, Intelius commercially utilizes Identity Information, sells that information to the general public and uses the information with selected unknown third parties for marketing purposes related to Intelius' products and services. Intelius does this without the individual's consent.

19. Intelius does not consult with the individual to verify the accuracy of the Identity Information displayed within its reports and refers interested parties to a laborious process within its website to correct erroneous records. Notably, information such as criminal records for traffic, DUI and felony offenses, status as a sex offender, judgment liens, bankruptcies, foreclosures, collection cases and other lawsuits may be erroneously identified in connection with a particular individual, regardless of its accuracy and without that individual's knowledge or consent.

20. Plaintiff did not consent to Intelius' creation of a profile page with his name, age, location, known relatives, professional characteristics, or other appropriations of his likeness or Identity Information.

21. Plaintiff did not consent to the public use or holding out of his identity in connection with the offering for sale of Intelius' products and services.

22. Plaintiff did not consent to Intelius ever using his Identity Information.

## CLASS ALLEGATIONS

23. Plaintiff brings this action pursuant to 735 ILCS 5/2-801, on behalf of a Plaintiff class of similarly situated individuals and entities defined as follows ("Plaintiff Class"):

> All Illinois residents whereby Intelius made public use of, or held out their identity in connection with the sale, advertising or promotion of Intelius products and services from 2011 to the date of judgment herein.

> Excluded from the Class are: 1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and these entities' current and former employees, offers and directors; 2) the Judge to whom this case is assigned and his or her immediate family; 3) any Illinois resident who agreed to Intelius' Terms and Conditions; 4) any persons who have had their claims in this matter adjudicated or otherwise released; 5) the legal representatives, successors and assigns of such person.

24. Plaintiff brings this action pursuant to 735 ILCS 5/2-801, against a Defendant class of similarly situated individuals and entities defined as follows ("Defendant Class"):

> All entities in Illinois who made public use of, or held out the identity of any Illinois resident in connection with the sale, advertising or promotion of said entities' products and services from 2011 to the date of judgment herein.

25. The members of the Plaintiff Class and the Defendant Class are so numerous that joinder of all members is impracticable. Based on the number of persons

8

and entities that are the the subject of Intelius' or any member of the Defendant Class' profiles, it is likely that the Plaintiff Class comprises hundreds or thousands of members and the exact number of said class members can be determined from records maintained by the Defendant or the Defendant Class.

26. Common questions of law and fact exist as to the Plaintiff and Defendant class and predominate over questions, if any, affecting individual Plaintiff and Defendant class members, including, but not limited to:

  A. Whether Plaintiff and the Plaintiff Class have legally protected interests in their respective names, likenesses and/or Identity Information;

  B. Whether Defendant and the Defendant Class' public use of, or holding out of the identity of Plaintiff and the Plaintiff Class in connection with the sale, advertising or promotion of Defendant and the Defendant Class' products and services violates the Illinois Right of Publicity Act, 765 ILCS 1075 *et seq*;

  C. Whether Defendant and the Defendant Class have been unjustly enriched by public use of, or holding out of the identity of Plaintiff and the Plaintiff Class in connection with the sale, advertising or promotion of Defendant and the Defendant Class' products and services;

  D. Whether Plaintiff and the Plaintiff Class have been damaged by Defendant and the Defendant Class' public use of, or holding out of the identity of Plaintiff and the Plaintiff Class in connection

9

        with the sale, advertising or promotion of Defendant and the Defendant Class' products and services;

E.    Whether Plaintiff and the Plaintiff Class are entitled to injunctive relief.

27. Plaintiff and Defendant will fairly and adequately protect the interests of the members of the Plaintiff Class and the Defendant Class, respectively. Plaintiff has retained, and Defendant will retain, competent counsel experienced in class action litigation in state and federal courts nationwide, and Plaintiff and Defendant have no interest adverse to any member of their class. Plaintiff intends to prosecute, and Defendant intends to defend, this case vigorously on behalf of themselves and their respective class.

28. A class action is an appropriate method for the fair and efficient adjudication of this controversy pursuant to 735 ILCS 5/2-801(4) because it involves a uniform course of conduct by Defendant and the Defendant Class that is equally applicable to Plaintiff and the Plaintiff Class. A class action can therefore best secure the economies of time, effort and expense or accomplish the other ends of equity and justice that this action seeks to obtain.

29. A class action is superior to all other available methods for the fair and efficient adjudication of Plaintiff's and other Class members' claims.

RECEIVED
CIVIL
2016 OCT 24 PM 2:11
KING COUNTY SHERIFF

## COUNT I

## VIOLATION OF THE RIGHT OF PUBLICITY ACT, 765 ILCS 1075 *et seq.*

30. Plaintiff realleges and incorporates paragraphs 1 through 29 set forth above, as and for paragraphs 1 through 29 of this Count I as though fully set forth herein.

31. The Right of Publicity Act may be enforced by any individual or his or her authorized representative. *See* 765 ILCS 1075/20(a)(1). It provides that a person may "not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons...or their authorized representative." 765 ILCS 1075/30(a).

32. "Identity" means any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice. *See* 765 ILCS 1075/5.

33. The Illinois Right of Publicity Act identifies certain rights retained by the individual, *i.e.* "[t]he right to control and to choose whether and how to use an individual's identity for commercial purposes is recognized as each individual's right of publicity." 765 ILCS 1075/10.

34. The profile pages created for Plaintiff and the Plaintiff Class on Defendant and the Defendant Class' websites appropriated Plaintiff and the Plaintiff Class' identity because the profile pages use Plaintiff's and the Class' Identity Information as defined herein.

11

35. Defendant and the Defendant Class' publically used or held out Plaintiff and the Plaintiff Class' Identity Information on, or in connection with, the offering for sale or sale of a product, merchandise, good, or service (*e.g.* Intelius People Search Reports, background checks and criminal checks).

36. Plaintiff and Plaintiff Class members did not consent, in writing or otherwise, to Defendant or the Defendant Class' creation of profile pages that appropriate their identities and use their Identity Information. Further, Plaintiff and Plaintiff Class members did not consent, in writing or otherwise, for the Defendant or the Defendant Class to provide Identity Information to third parties for marketing purposes, nor did they consent for Defendant or the Defendant Class to use their Identity Information for any other commercial purpose.

37. Defendant and the Defendant Class profit from the commercial use of Plaintiff and Plaintiff Class' identities because they publically use or hold out Plaintiff and the Plaintiff Class' Identity Information on or in connection with the offering for sale or sale of Intelius' products and services.

38. The gross revenue attributable to the unauthorized use of Plaintiff and Plaintiff Class' Identity Information includes, but is not limited to, the profit that Defendant and the Defendant Class made from selling People Search Reports, as well as other reports containing Identity Information as defined herein.

39. As such, Defendant and the Defendant Class' unauthorized use of Plaintiff's and Plaintiff Class' identities for a commercial purpose violated section 1075/30(a) of the Right of Publicity Act.

40. As a result of Defendant and the Defendant Class' violations of the Illinois Right of Publicity Act, Plaintiff and the Plaintiff Class have suffered damages in an amount provided under 765 ILCS 1075/40, including "...actual damages, profits derived from the unauthorized use, or both; or $1,000.00." Further, Defendant and the Defendant Class' actions as alleged herein are willful, entitling Plaintiff and the Plaintiff Class to punitive damages.

## COUNT II

### UNJUST ENRICHMENT

41. Plaintiff realleges and incorporates paragraphs 1 through 29 set forth above, as and for paragraphs 1 through 29 of this Count II as though fully set forth herein.

42. Defendant and the Defendant Class knowingly accepted the benefit from the public use or holding out of Plaintiff and the Plaintiff Class' Identity Information in connection with the offering for sale or sale of Intelius' products and services. Defendant and the Defendant Class have been unjustly enriched to the detriment of Plaintiff and the Plaintiff Class.

43. Defendant and the Defendant Class unjustly received and retained the benefit of using Plaintiff and the Plaintiff Class' identities in connection with a commercial purpose, and Plaintiff and the Plaintiff Class have suffered a commensurate detriment constituting money damages.

44. Defendant and the Defendant Class' retention of this benefit violates the fundamental principles of justice, equity and good conscience.

## COUNT III

## INJUNCTION

45. Plaintiff realleges and incorporates paragraphs 1 through 29 set forth above, as and for paragraphs 1 through 29 of this Count III as though fully set forth herein.

45. Plaintiff and the Plaintiff Class have no adequate remedy at law to restrain Defendant and the Defendant Class' conduct as alleged herein with respect to their continued usage of Plaintiff and the Plaintiff Class' Identity Information for commercial purposes without Plaintiff and the Plaintiff Class' permission or consent.

46. Plaintiff and the Plaintiff Class will suffer irreparable harm and injury from Defendant's conduct if Defendant and the Defendant Class are not so restrained, requiring the entry of a temporary restraining order, preliminary and/or permanent injunction.

47. Pursuant to Sections 11-101 and 11-102 of the Injunction Act (735 ILCS 5/11-101 and 735 ILCS 5/11-102), as well as 765 ILCS 1075/50, and based upon the facts and circumstances alleged herein, Defendant and the Defendant Class should be restrained by a temporary restraining order, preliminary and/or permanent injunction from continuing their actions as alleged herein, including their usage of Plaintiff and the Plaintiff Class' Identity Information for commercial purposes.

48. Plaintiff and the Plaintiff Class are likely to succeed on the merits and the hardships are balanced in their favor.

49. For good cause shown, bond should be waived.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays that this Honorable Court enter judgment in favor of the Plaintiff and against Defendant as follows:

    A.    Certify this matter as a class action;

    B.    Appoint Plaintiff as Class Representative and Plaintiff's counsel, Larry D. Drury of Larry D. Drury, Ltd. as Class Counsel;

    C.    Awarding Plaintiff and the Plaintiff Class all equitable and monetary relief in an amount to be determined at trial, including pre-judgment and post-judgment interest;

    D.    Appoint Defendant as a class representative and their counsel as Defendant Class counsel as appropriate;

    E.    Find that the Defendant and the Defendant Class have violated the Illinois Right of Publicity Act;

    F.    Awarding Plaintiff and the Plaintiff Class actual damages, statutory damages (765 ILCS 1075/40(a)(2)), punitive damages (765 ILCS 1075/40(b)), and attorneys' fees and costs (765 ILCS 1075/55(b)), with interest thereon, as allowed or required by law;

    G.    Find that Defendant and the Defendant Class have been unjustly enriched;

    H.    Find that Plaintiff and the Plaintiff Class are entitled to injunctive relief;

    I.    Award Plaintiff and the Plaintiff Class actual and punitive damages;

J.  Award reasonable attorneys' fees and costs, and a service award for the Plaintiff Class Representative; and

K.  Granting all such further and other relief as the Court deems just and appropriate.

Respectfully submitted,

MICHAEL SIEGEL, on behalf of himself and all others similarly situated,

By: _____
Larry D. Drury

Larry D. Drury
Phil Schlichting
LARRY D. DRURY, LTD.
100 North LaSalle Street, Suite 2200
Chicago, IL 60602
312/346-7950
ldd@larrydrury.com
Atty No. 22873