**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ANNA DOBROWOLSKI, individually and on behalf of all others similarly situated, | Case No. 1:17-cv-01406 |
| *Plaintiff*, | |
| *v.* | |
| INTELIUS, INC., a Delaware Corporation, | |
| *Defendant*. | |

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Anna Dobrowolski brings this first amended class action complaint against Defendant Intelius, Inc. ("Defendant" or "Intelius"), to put an end to its unlawful practice of using the names and identities of Illinois residents without their consent in order to promote its service. Plaintiff, on behalf of herself and all others similarly situated, alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her own attorneys.

**NATURE OF THE ACTION**

1.      Defendant Intelius is an online service that sells "detailed profile reports" about people to anybody willing to pay for them. These reports are based upon information compiled from "extensive databases and public record repositories," as well as Intelius's own "proprietary genomic technology" that it uses to "identify connections between people, places and things to reveal insights that other providers can't."[1]

2.      To sell more reports, Intelius displays paid advertisements to every consumer that searches a person's name on Google or Bing. These advertisements all feature the same alluring

---

[1]      http://corp.intelius.com/ (last visited Sept. 14, 2017).

headline— "We Found [the person's name]"—and are designed to give the appearance that the reports contain valuable information about the person including, his or her address, date of birth, and criminal background.

3.      In reality, however, these advertisements are auto-generated using a tactic called Dynamic Keyword Insertion, which Intelius uses to automatically trigger the display of the "We Found [ ]" ads and to replace the "[ ]" with the first and last name that was typed into the search bar. Thus, although Intelius creates the impression that it "Found" somebody, all it did was plug the name of the person searched on Google or Bing into its otherwise generic advertisement.

4.      The reason that Intelius prominently features people's names in its advertisements is to draw attention to its products and create a sense of alarm and urgency in the hopes that the targeted consumer will purchase a report. In other words, Intelius uses people's names in its advertisements as a marketing ploy.

5.      Unsurprisingly, none of the people appearing in these advertisements provided Intelius with their consent (written or otherwise) to use their names for any reason, let alone for marketing purposes.

6.      By using Illinois residents' full names in its paid advertisements without their consent for its commercial gain, Intelius violated—and continues to violate—the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq*.

## PARTIES

7.      Plaintiff Anna Dobrowolski is a natural person and a citizen of the State of Illinois.

8.      Defendant Intelius, Inc., is a corporation existing under the laws of the State of Delaware with its principal place of business located at 500 108th Ave. NE, Suite 1600,

Bellevue, Washington 98004.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2),

because (i) at least one member of the putative Class is a citizen of a state different from the

Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs,

and (iii) none of the exceptions under the subsection apply to this action.

10.      This Court has personal jurisdiction over Defendant because it transacts

significant business in this District, misappropriates the identities of people that it knows reside

in this District (as demonstrated below in Figure 3), and the unlawful conduct alleged in the

Complaint occurred in and emanated from this District.

11.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff

resides in this District and a substantial part of the events giving rise to this claim occurred in this

District.

## COMMON FACTUAL ALLEGATIONS

### The Illinois Right of Publicity Act

12.      In 1999, the Illinois Legislature recognized that every individual has the "right to

control and choose whether and how [his or her] identity [is used] for commercial purposes," 765

ILCS 1075/10, and as a result, passed the IRPA to protect individual property rights and prevent

the exploitation of individuals' identities for another's commercial gain.

13.      The Act protects individuals from the unauthorized use of *any* of their attributes,

including but not limited to, their names, signatures, photographs, images, likenesses, or voices

in the sale or advertisement of goods, merchandise, products, and services.

14.      In fact, the IRPA states that "a person may not use an individual's identity for

commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person…." 765 ILCS 1075/30. Notably, the IRPA does not require the person seeking relief under the Act to be a public figure.

*A Brief Overview of Intelius*

15.     Intelius owns and operates a website that sells "detailed profile reports" about "individuals, their histories and their connections to others." The reports are compiled in part from databases and public record repositories. "In addition to retrieving historical and current data, Intelius leverages proprietary genomic technology to identify connections between people, places and things to reveal insights that other providers can't."[2]

16.     Intelius's reports must be purchased from its website, and according to Intelius, may include high value information including, *inter alia,* the individual's address, birth date, marriage records, and criminal history.

17.     Customers either pay a one-time fee per report or purchase a membership for access to unlimited reports. For example, Intelius sells a "People Search Plus Report" for a one-time fee of $9.95 and a "24-Hour Pass" for $19.95 for consumers that want to "Get Unlimited People Search Reports for the Next 24 Hours."[3]

18.     Intelius heavily promotes its products and services through online targeted advertising using the "pay-per-click" model ("PPC"). PPC advertising allows Intelius to display a paid advertisement on a search engine result page (like Google or Bing) whenever a search is performed that includes a person's first and last name.

---

[2]     *Id.*
[3]     *People Search from Intelius searches billions of public records instantly. Search free now!,* https://www.intelius.com/24-hour (last visited Sept. 14, 2017).

*Intelius Features People's Full Names and Identities in its Advertisements*

19.     According to Google, "[n]owadays, more and more personal information surfaces on the web. For example, some of your friends might mention your name in a social network or tag you on online photos, or your name could appear in blog posts or articles."[4] To discover personal information (or more information in general), individuals often look up names using a search engine. Notably, employers rely on this method to screen potential employees.[5]

20.     When a person searches for a name using a search engine, two types of search results are returned: organic and paid.

21.     The organic results appear according to the search engine's algorithm that selects and sorts websites according to hundreds of factors, including the website's credibility, popularity, and its relevance to the search terms. Search engines call these results "organic" because they naturally generate them. Companies do not pay the search engines to have their websites displayed. Here, the algorithm selects websites that contain the searched individual's name on its website (*i.e.*, the website's title, headings, and body paragraphs). For example, organic search results may include links to an individual's social media pages.

22.     The paid results, however, appear because some companies (such as Intelius) pay the search engine to display their advertisements. Here Intelius pays search engines like Google and Bing to display its advertisements when a person searches for a person's name. These advertisements appear on the top, bottom, or side of the search result page and contain an "Ad" icon indicating that a company paid for that result.

---

[4]     *Manage your online reputation - Accounts Help*, Google, https://support.google.com/accounts/answer/1228138?hl=en (last visited Sept. 14, 2017).
[5]     Susan P. Joyce, *What 80% Of Employers Do Before Inviting You An Interview* | The Huffington Post (March 1, 2014, 7:45 AM), http://www.huffingtonpost.com/susan-p-joyce/job-search-tips_b_4834361.html (last visited Sept. 14, 2017).

23.     Intelius's advertisements appear among the paid search results. The defining feature of Intelius's advertisement is the alluring use of the searched person's full name (*e.g.*, Anna Dobrowolski). Specifically, Intelius's advertisements represent that "We Found [searched person's full name]." *See* <u>Figure 1</u> and <u>Figure 2</u>.



We Found Anna Dobrowolski - Current Address, Phone & Age
Ad  www.intelius.com/**Anna+Dobrowolski** ▾
Search **Anna Dobrowolski** Free!
Trusted By Millions · Private, Anonymous Search · Current Data · 13 Million Customers
Background Check · Reverse Lookup · Directory · People Search · Volume Discounts

(**<u>Figure 1</u>**, showing Intelius's advertisement on Google after searching "Anna Dobrowolski.")



We Found **Anna Dobrowolski** | Intelius.com
Ad · www.Intelius.com
Instant-Address, Phone, Age & More. Search for **Anna Dobrowolski** Now!
Services: People Search, Background Check, Criminal Records and more
A+ Rated – Better Business Bureau

(**<u>Figure 2</u>**, showing Intelius's advertisement on Bing after searching "Anna Dobrowolski.")

24.     To create the advertisement above, Intelius uses a method called Dynamic Keyword Insertion to plug the first and last name of any person searched into its otherwise generic advertisement. This technique is used to create targeted advertisements that appear to respond directly what was searched. Accordingly, Intelius misleads people to believe it "found" the searched person—even if Intelius does not have a report (or any information) on that individual.

25.     In this way, each and every one of the advertisements at issue are false and misleading because Intelius didn't actually conduct a search of any kind or take any steps to determine whether it could locate the person it claimed to find. Instead, it simply used Dynamic Keyword Insertion to copy the person's full name from the search bar and insert it into its

advertisement.

26.     When a user clicks on the advertisement, Intelius opens a marketing page that displays a list of the individuals found within its records that have the same name, alongside certain uniquely identifying information such as each individuals' current age, employment history, location, and names of their immediate family members ("Marketing Page"). *See* <u>Figure 3.</u>



(**<u>Figure 3</u>**, showing a sampling of the listings displayed for "Anna Dobrowolski,"

including Plaintiff, who is identified in No. 14.)

27.     Every time a Dynamic Keyword Insertion advertisement was clicked on, users were directed to Intelius's Marketing Page, which was pre-populated by Intelius to display the listings for whichever name was displayed in its Dynamic Keyword Insertion advertisement (in this example, "Anna Dobrowolski.")

28.     Once a user selects an individual (by clicking "Get the report on [Individual's Full Name]") from the Marketing Page, Intelius displays three offers to purchase a report: (i) People Search Report, (ii) People Search Plus Report, and (iii) Background Report. Each "report" ostensibly contains different amounts of high value personal information specific to the selected individual.



(**Figure 4**, showing Intelius's offer to sell reports about Plaintiff Anna Dobrowolski.)

29.     In this way, Intelius misappropriated people's identities for its own commercial benefit (to market and promote its products and services). Intelius does this to trick people into clicking on its advertisement so that it can deliver them to a landing page where they can select a

report to purchase *because it purports to have valuable personal information on the exact person they are searching for online.*

30.     Most importantly, Intelius never obtained written consent from Plaintiff and Class members to use their names for any reason, let alone for commercial purposes. Defendant never notified Plaintiff and Class members that their names would appear in its paid search engine advertisements or on its Marketing Page. Moreover, Plaintiff and the Class members have no relationship with Intelius whatsoever.

31.     Plaintiff, on behalf of herself and a Class of similarly situated Illinois residents, seeks relief for Intelius's violation of the IRPA, including (1) an injunction requiring Intelius to cease using Illinois residents' names in advertisements, including on its Marketing Page, (2) the greater of an award of actual damages, including profits derived from an unauthorized use of individuals' names, or statutory damages to Plaintiff and the Class members, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF DOBROWOLSKI

32.     On or around October 2016, Plaintiff Anna Dobrowolski discovered that Intelius uses her name in advertisements on major search engines (including Google and Bing) to trick consumers to visit its Marketing Page and purchase personal reports about her.

33.     Although Intelius created numerous advertisements across several search engines, the advertisements are substantially the same, and all begin by featuring Dobrowolski's full name and stating, "We Found Anna Dobrowolski." (*See* Figures 1, 2.)

34.     When consumers click on one of these advertisements, they are directed to Intelius's Marketing Page, where the full names of every "Anna Dobrowolski" located in its records are displayed—including Plaintiff—along with each of their ages, employment histories,

locations, and names of their immediate family members. *See* Figure 3, line 14.

35.    For her part, Plaintiff is specifically identified in the Marketing Page on line 14. As the Marketing Page states, Plaintiff was 20 years old (at the time of the search at issue), lives in Palos Hills, Illinois, and Robert and Lucyna Dobrowolski are her immediate family members. *See* Figure 3, line 14.

36.    The reason that Intelius uses Plaintiff's name in its Dynamic Keyword Advertisements and uses her identity on its Marketing Page is to generate—or capitalize on—interest in her and sell detailed reports about her to anybody willing to pay for it.

37.    Intelius specifically identifies Plaintiff on its Marketing Page by displaying her full name, age, location, and the names of her immediate family members. *See* Figure 3.

38.    Dobrowolski never provided Intelius with her written consent (or consent of any kind) to use any attribute of her identity for commercial purposes, and certainly never authorized Intelius to use her full name in paid search advertisements for its website and reports.

39.    Plaintiff Dobrowolski is not and has never been an Intelius customer. She has no relationship with Intelius whatsoever.

## CLASS ALLEGATIONS

40.    **Class Definitions**: Plaintiff Anna Dobrowolski brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a Class defined as follows:

> All Illinois residents (1) whose identities were displayed on Intelius's Marketing Page and (2) who have never purchased any products or services from Intelius.

41.    Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling

interest and its current or former employees, officers and directors; (3) persons who properly

execute and file a timely request for exclusion from the Class; (4) persons whose claims in this

matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel

and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any

such excluded persons.

42.     **Numerosity**: The exact number of Class members is unknown and not available

to Plaintiff at this time, but it is clear that individual joinder is impracticable. Class members can

be identified through Defendant's records.

43.     **Commonality and Predominance**: There are many questions of law and fact

common to the claims of Plaintiff and the putative Class, and those questions predominate over

any questions that may affect individual members of the Class. Common questions for the Class

include, but are not necessarily limited to the following:

       a.     Whether Intelius used Plaintiff's and Class members' names and identities

          for a commercial purpose;

       b.     Whether Plaintiff's and Class members provided their written consent to

          Intelius to use their names and identities in advertisements;

       c.     Whether the conduct described herein constitutes a violation of the Illinois

          Right of Publicity Act; and

       d.     Whether Plaintiff and the Class are entitled to injunctive relief.

44.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the

Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's

uniform wrongful conduct.

45.     **Adequate Representation**: Plaintiff will fairly and adequately represent and

11

protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

46.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

47.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and

comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
**Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.***
**(On behalf of Plaintiff and the Class)**

48.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49.     The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1 *et seq*.

50.     Defendant sells detailed profile reports about people.

51.     In order to promote those reports, Intelius used Plaintiff's and Class members' full names in its paid search engine advertisements. As described above, when a person's full name is searched on Google or Bing, Intelius automatically displays an advertisement featuring the searched person's full name.

52.     When a user clicks on the advertisement, Intelius opens a Marketing Page that displays a list of the individuals found within its records that have the same name, alongside uniquely identifying information such as each individuals' current age, employment history, location, and names of their immediate family members. This information serves to identify the individual to a reasonable audience (*i.e.,* those that are searching for them online).

53.      Intelius's advertisements have a commercial purpose in that the online advertisements promote the Intelius website and the reports it sells to the public.

54.     Plaintiff and members of the Class never provided Intelius with their written consent to use their full names (or any attribute of their identity) in advertisements for Intelius. Intelius never notified Plaintiff and Class members that their names would be used in

commercial advertisements.

55.    Intelius deprived Plaintiff and Class members of control over whether and how their names can be used for commercial purposes.

56.    Based upon Intelius's violation of the Illinois Right of Publicity Act, Plaintiff and Class members are entitled to (1) an injunction requiring Intelius to cease using Plaintiff's and members of the Class's names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays that the Court enter an Order:

a.    Certifying this case as a class action defined above, appoint Anna Dobrowolski as Class Representative, and appoint her counsel as Class Counsel;

b.    Declaring that Intelius's actions described herein constitute a violation of the Illinois Right of Publicity Act;

c.    Awarding injunctive and other equitable relief as necessary to protect the interest of the Class, including, *inter alia,* an order prohibiting Intelius from engaging in the wrongful and unlawful acts described herein;

d.    Awarding the greater of actual damages, including the profits derived from the unauthorized use of same, or statutory damages in the amount of $1,000 per violation of the members of the Class;

e.    Awarding punitive damages where applicable;

f.    Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

g.    Awarding Plaintiff and the Class pre- and post-judgment interest; and

h.    Granting such other and further relief as the Court deems equitable and just.

## **JURY DEMAND**

Plaintiff requests trial by jury of all matters that can be so tried.

Respectfully Submitted,

**ANNA DOBROWOLSKI**, individually and on behalf of all others similarly situated,

Dated: September 14, 2017          By: /s/ Ari J. Scharg
                                              One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 N. LaSalle St., 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Class*

15

<u>**CERTIFICATE OF SERVICE**</u>

     I, Ari J. Scharg, an attorney, hereby certify that on September 14, 2017, I served the above and foregoing ***First Amended Class Action Complaint and Demand For Jury Trial*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system, on this the 14th day of September 2017.

/s/ Ari J. Scharg          